IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR319 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| MARCUS L. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 45). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to several paragraphs in the PSR. The objections are discussed below.

### *¶¶ 17, 19, 20 - Government's Version of the Offense*

The Court is not at liberty to change the government's version of the offense. The objections are denied.

### *¶ 25 - Defendant - Version of the Offense; ¶ 45 in Petition*

The information in ¶ 45 appears to be accurate. The objection is denied.

### *¶ 29 - No Identifiable Victims*

The Defendant does not state a basis for the objection. The Court has no reason to conclude that the information in ¶ 29 is inaccurate. The objection is denied.

***¶¶ 35, 37-39 - Base Offense Level and Enhancements***

The objections will be heard at sentencing. The government has the burden by a preponderance of the evidence.

***¶ 46 - Acceptance of Responsibility***

The Defendant received the maximum downward adjustment for acceptance of responsibility. The objection is denied.

***¶¶ 56, 58, 63, 64***

The Defendant objects to ¶¶ 56, 58, 63, and 64, arguing that these are predicate convictions for the application of the career offender guideline in ¶ 45, to which the Defendant has not objected.

The PSR inaccurately states in ¶ 45 that the predicate convictions are set out in ¶¶ 57 and 62. The correct ¶¶ numbers are 59 and 64 for the listed offenses. The Probation Officer is directed to correct these designations before sending the PSR to the Bureau of Prisons ("BOP").

The basis provided for the Defendant's objection is the consideration of the offenses as predicate offenses for the career offender designation. Paragraph 64 is the only paragraph that applies to the objection. However, the application of the career offender guideline in ¶ 45 has not been objected to. Therefore, the objections to ¶¶ 56, 58, 63, and 64 are denied.

***¶¶ 69-72 - Criminal History; Criminal History Computation; §§ 4A1.1(d) (on Probation) & (e) (Recency)***

The information in ¶ 69 did not result in the assessment of any criminal history points.

Paragraph 70 correctly calculates the number of criminal history points in ¶¶ 48-68.

Paragraph 71 relates to the assessment of 2 additional criminal history points for the commission of the instant offense while the Defendant was on probation for the offense listed in ¶ 64. The reference to ¶ 64 is an error, and the reference should be to ¶ 66. The facts stated in ¶ 66 clearly support the additional 2 criminal history points in ¶ 71.

Paragraph 72 assesses 1 additional criminal history point for the commission of the instant offense within 2 years of being released from imprisonment for the offense imposed in ¶ 63. The reference to ¶ 63 is an error; the correct reference is ¶ 65. The facts stated in ¶ 65 clearly support the additional criminal history point assessed in ¶ 72.

For the reasons stated, the objections are denied.

***¶ 79 - Prior Dismissed Charges***

The Defendant objects to the inclusion of this paragraph, which does not affect the sentencing guideline calculation. The objection is denied.

## CONCLUSION

The record in this case is confusing for this Court as well as any appellate court.

Numerous references within the PSR (which appears to be a Revised PSR, although not indicated in the caption), are incorrect. All such references must be corrected before sending the PSR to the BOP. Moreover, it is always helpful to this Court, any appellate

court, and the parties if the caption of the PSR correctly states whether the particular version is Revised, Second Revised, etc.

In addition, the Defendant appears to be referring to a previous version of the PSR. In the future, counsel is advised to refer in objections filed with the Court under ¶ 6 of the Order on Sentencing Schedule to the paragraphs as they are numbered in the most recent version of the PSR sent to the Court; the date on which the PSR is sent to the Court is stated on page 2 of the PSR. In this case, many of the Defendant's objections do not include sufficient information for the Court to guess which paragraph numbers are actually the subject of the Defendant's objections, and the errors within the PSR add to the problem.

IT IS ORDERED:

1.   The Defendant's objections to ¶¶ 17, 19, 20, 25, 29, 46, 56, 58, 63, 64, 69-72, and 79 of the Presentence Investigation Report (Filing No. 45) are denied;

2.   The Defendant's objections to ¶¶ 35, 37, and 39 (Filing No. 45) will be heard at sentencing;

3.   The Probation Officer is directed to correct the internal references to paragraph numbers throughout the PSR before sending the PSR to the BOP;

4.   Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5.   If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the

submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6.  Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final; and

7.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of March, 2009.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge